## THE HUDSON CITY.[1]

### BUSH *v.* THE HUDSON CITY.

*(District Court, E. D. New York.  March 13, 1889.)*

COLLISION—STEAM AND SAIL—NEGLIGENCE.
    A ferry-boat started out of her slip on a very dark night, at a time when a passing car-float rendered it impossible for the pilot to see, before he started, whether his course was clear, whereby collision ensued with libelant's sailing vessel, which was coming up from below outside of the car-float. *Held,* that the ferry-boat was to blame for starting under such circumstances, when a delay of a moment would have avoided the collision.

In Admiralty.  Action for damages for collision.
*Alexander & Ash,* for libelant.
*Biddle & Ward,* for claimant.

BENEDICT, J.  In this case the evidence shows that the ferry-boat Hudson City, in a very dark night, started out from her pier in the North river upon one of her regular trips, just at a time when a large car-float loaded with cars was passing out from the slip below in such a direction as to shut off the river below from the pilot's view.  The pilot commenced his trip upon the assumption that no vessel was in the way, but the moment the car-float passed out he saw the light of the libelant's sailing vessel, bound up the river from below.  He at once stopped and backed, but it was too late, and the libelant's vessel was sunk.  Upon.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

these facts, I am of the opinion that the Hudson City is responsible for the collision, because the pilot committed a fault in commencing his voyage on a dark night, under circumstances which made it impossible for him to know whether his course was clear, when a delay of a moment or two would have allowed the car-float to pass by, and the presence of the sailing vessel would have at once been known.

The case of *The Java*, 14 Wall. 189, relied upon by the claimants, differs from this in an important particular, it seems to me. There the Java, in a bright, clear day, in the course of her voyage, passed under the stern of a large school-ship. As she cleared the school-ship, a small vessel suddenly popped out from behind the school-ship, under the steamer's bows, having up to that moment been invisible to every one on board the Java, because behind the school-ship. That was held to be a case of inevitable accident. Here the fault on the part of the ferry-boat consisted in commencing her voyage in a very dark night, under circumstances that rendered it impossible for her pilot to see, before he started, whether his course was clear, when a delay of a moment in starting out of the slip would have avoided the collision. For a ferry-boat to start out of her slip in such a night, under such circumstances, is almost equivalent to starting out blindfold, and, in my opinion, it was a fault so to do. The libelant must have a decree.